UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**FILED**
AUG 7 2008
AUG 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Raul Perez,  )
    Petitioner,  )
  )
vs  )  Case No. 1:08-CV-01141
  )
United States of America,  )
    Respondent.  )

## AMENDED MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the petitioner, Raul Perez, pro se and pursuant to Fed.R.Civ.Pro. 56(c), and any and all other applicable authority, hereby moves the court for summary judgment on the petitioner's Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In suppport thereof, the petitioner proffers as follows.

### NATURE OF PROCEEDING

On February 25, 2008, the petitioner timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc#1). In an order dated May 14, 2008, the court directed the government to file its response to the petitioner's motion by June 4, 2008 (Doc#5). The current date is August 4, 2008, and the government has filed no response in this proceeding. The government has also not moved the court for an extension of time in which to file a response in this proceeding.

In the week of July 28, 2008, the petitioner sent the a Motion For Summary Judgment to the court for filing. The instant "Amended Motion For Summary Judgment" now follows.

## REQUEST FOR SUMMARY JUDGMENT

The petitioner moves the court for summary judgment because there is no genuine issue of material fact in dispute, and the petitioner is entitled to summary judgment as a matter of law. See Fed.R.Civ.Pro. 56(c):

> "...The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In the petitioner's § 2255 motion, the petitioner raised six issues alleging that his constitutional rights had been violated during the criminal proceedings in this case.

More specifically, the petitioner's issues were:

I. Trial counsel failed to challenge the authentication of identification of the government's drug evidence, and further, beared witness to the authentication of this evidence, thereby lifting the government's burden of proof beyond a reasonable doubt, in violation of the petitioner's constitutional right to the effective assistance of trial counsel.

II. The petitioner was deprived of his constitutional right to jury trial where the court increased his sentence in violation of Apprendi v New Jersey, 530 U.S. 490 (2000) based on facts not found by the jury or admitted by the petitioner.

III. The petitioner was denied constitutionally effective sentencing counsel where counsel failed to raise and preserve an objection under Apprendi.

IV. The petitioner was denied constitutionally effective appellate counsel where counsel failed to raise ineffective assistance of trial and sentencing counsel where these issues were sufficiently developed in the record to allow appellate review, and further, where appellate counsel, on remand from the United States Supreme Court, abandoned the petitioner's Sixth Amendment jury trial

        issue under <u>Blakely v Washington</u>, 542 U.S. 296 (2004) after successfully arguing this issue in the Supreme Court.
V. The petitioner was denied equal protection of the law under the federal constitution where both courts, district and appellate, failed to apply the appropriate law applicable to the issues presented.
VI. The petitioner was denied due process of law in violation of the Federal Constitution's ex post facto clause where he was subjected to a remand under <u>United States v Booker</u>, 125 S.Ct. 738 (2005) and <u>United States v Paladino</u>, 401 F.3d 471.

    The petitioner set forth his constitutional issues in plain detail, and submitted applicable law in support of them (Doc#1). After reviewing the petitioner's § 2255 motion, this court issued an order directing the government to file its response to Mr. Perez's motion on or before June 4, 2008 (Doc#5). The government however, has filed no response and has filed no motion for an extension of time in which to file a response. It has now been two months past the June 4, 2008, time period set by the court. Any further delay is unnecessary and unfair to the petitioner.

    In <u>United States Ex Rel. Robinson v McGinnis</u>, 593 F.Supp. 175 (1984), the court held that - "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

    In the instant case, the petitioner set forth his constitutional claims in his §2255 motion. The court gave the government more then ample opportunity to respond. The government has chosen not to respond. There is no genuine issue of material fact in dispute in this case. Under these facts the petitioner is entitled to a judgment.

    Under <u>28 U.S.C. § 2255(b)</u>, if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

Mr. Perez asks the court to render summary judgment in his favor because he is entitled to a judgment as a matter or law. Perez raised six claims of constitutional error in his § 2255 motion. This court could reverse Perez's conviction and/or resentence Perez on any or all of Perez's constitutional claims. Perez was deprived the effective assistance of counsel at every critical stage of the proceedings in this case. As a result, Perez was convicted and sentenced in violation of his constitutional rights, and was deprived of adequate appellate review as guaranteed him under the Federal Constitution. There is no dispute about the facts in this case, and Perez is entitled to the requested judgment.

WHEREFORE the petitioner respectfully prays that the court grant the Petitioner's amended motion for summary judgment and order that the petitioner be brought before the court for resentencing or discharge, and for any and all such further relief as this honorable court finds just and proper.

RESPECTFULLY SUBMITTED

Raul Perez, Pro Se
#60397-080
FCI Greenville
P.O.Box 5000
Greenville, IL 62246

### CERTIFICATE OF SERVICE

I, Raul Perez, hereby certify under the penalty perjury as delineated in 28 U.S.C. §1746 that I placed a true and correct copy of the foregoing Amended Motion For Summary Judgment in the institutional legal mail system, postage prepaid, on this 4 day of August 2008, and addressed to the following:

1- U.S. Attorney, N.Dist. of Illinois, 219 S. Dearborn Street, Room 500, Chicago, Illinois 60604

Raul Perez, Pro Se

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
Eastern Division

United States of America

          Plaintiff,

v.                   Case No.: 1:08-cv-01141
                    Honorable James B. Zagel

Raul Perez

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 14, 2008:

   MINUTE entry before Judge Honorable James B. Zagel:Motion for leave to proceed in forma pauperis [3] denied as moot. No filing fee is required to proceed with this action. Motion to vacate, set aside, correct sentence [1] response due by 6/4/2008. Reply due by 6/25/2008. Ruling on motion to be made by mail.Mailed notice(drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.